```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

ANDREW CORPUS,

          Plaintiff,

v.                                  Case No:  2:18-cv-665-FtM-29NPM

CARROLE   DEPASS,   Doctor,
ROBIN  J.  WILSON,  Doctor,
ROBERT   HINES,   Counsel,
OFFICE OF REGIONAL CONFLICT
COUNSEL, and DONALD SAWYER,
Dr.,

          Defendants.
```

## ORDER

This matter comes before the Court on Defendants DePass and Sawyer's Motion to Dismiss (Doc. #52) and Defendant Hines' Motion for a More Definite Statement (Doc. #54). Plaintiff filed a response to Defendants DePass and Sawyer's Motion to Dismiss (Doc. #55). The Court will grant the defendants' respective motions but permit Plaintiff to file a second amended complaint.

Plaintiff Andrew Corpus is civilly confined in the Florida Civil Commitment Center ("FCCC") and proceeding on his *pro se* Amended Complaint (Doc. #15). Plaintiff sues defendants for violation of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and conspiracy under 18 U.S.C. §§ 241, 242. (Id. at 4). Defendants DePass and Sawyer move to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) because the allegations

are not well-plead, the Amended Complaint lacks specificity as to what specific acts each defendant is alleged to have done, and the Amended Complaint includes conclusory allegations without supporting facts, and it improperly and confusingly cites to case law or case citations. <u>See generally</u> (Doc. #52). Defendants DePass and Sawyer request the Court to dismiss the Amended Complaint without prejudice and permit Plaintiff to file a second amended complaint. (<u>Id.</u> at 6). Defendant Hines moves the Court pursuant to Fed. R. Civ. P. 12(e) to order Plaintiff to issue a more definite statement. <u>See generally</u> (Doc. #54). Defendant Hines likewise argues the Amended Complaint fails to comport with pleading requirements and is an impermissible shotgun pleading. (<u>Id.</u> at 1, ¶ 4, 3-6).

The Court agrees the Amended Complaint fails to provide the defendants with adequate notice of Plaintiff's claims, lacks specificity, contains conclusory, vague and immaterial facts. The Amended Complaint contains excerpts of case law and is replete with references to cases and random case citations. <u>See</u> (Doc. 15 at 6-29). It is a disjointed narrative with conclusory and vague assertions that each defendant violated or conspired to violate his due process rights. While Plaintiff alleges various theories of wrongdoing, he pleads no facts creating a reasonable inference that the named defendants are liable for the alleged constitutional violations. The Amended Complaint does not provide sufficient

detail regarding a conspiracy or how any individual defendant took any action to violate Plaintiff's rights. Plaintiff attaches what appears to be an annual review for another resident as an exhibit to the Amended Complaint. (Doc. #15-1). It is unclear what relevance the exhibit has to Plaintiff's claims. The Court agrees with defendants that the Amended Complaint constitutes an impermissible shotgun pleading and requires repleading. Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F. 3d 1313, 1321 (11th Cir. 2015) (footnote omitted). See also Bryne v. Nexhat, 261 F. 3d 1075, 1133 (11th Cir. 2001) (abrogated on other grounds) ("[I]f in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court . . . must intervene *sua sponte* and order repleader."). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). They "waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts." Id. (internal quotes and citation omitted). And they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F. 3d at 1323(footnote omitted).

Further, Plaintiff does not have standing to bring a claim for "Conspiracy Against Rights" under 18 U.S.C. § 241 and

"Deprivation of Rights" under 18 U.S.C. § 242, because neither statute provides a private cause of action. See Cuyler v. Scriven, No. 6:11-cv87-MEF, 2011 WL 861709, at *3 (M.D. Fla. Mar. 9, 2011) (stating § 242 is a criminal statute that "does not give rise to a private cause of action"); Weidman v. Blackstone Group, No. 1:14-cv-3785, 2015 WL 1097385, at *4 n.3 (N.D. Ga. Mar. 11, 2015) ("Section 241 of Title 18 is a criminal statute and provides no private cause of action in a civil suit."). Because the statutes confer no right to Plaintiff, he cannot base a § 1983 claim on defendants allegedly violating either. See Maynard v. Williams, 72 F.3d 848, 852 (11th Cir. 1996).

To the extent discernable, Plaintiff appears to allege a Fourteenth Amendment due process violation with his continued civil commitment. Plaintiff states he was transferred to the FCCC on December 8, 2005 but did not receive his first annual review until September 9, 2016. (Doc. #15 at 26). He claims he has not had an annual review since 2016. (Id.). Plaintiff cites to Strickland and claims his confinement is illegal. (Id.). If Plaintiff wishes to challenge his continued civil commitment, that is a matter for a habeas petition under 42 U.S.C. § 2241, after Plaintiff has exhausted his state court remedies. Because the Court considers the dismissal a non-merits dismissal, the Court must allow Plaintiff one opportunity to correct the deficiencies

and file a Second Amended Complaint. Vibe Micro, Inc., 878 F.3d at 1296.

In filing his second amended complaint, Plaintiff shall state the facts to support his claim in sequentially numbered paragraphs. Rule 10, Federal Rules of Civil Procedure, requires that all averments of the claim be made "in numbered paragraphs" and limited to "a single set of circumstances." Id. Additionally, Rule 8, Federal Rules of Civil Procedure, requires that pleadings include a short and plain statement of facts showing that the pleader may have relief. Id.

Plaintiff should name as defendants only those persons responsible for the particular alleged constitutional violations. Further, Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the second amended complaint. Although a complaint need not set forth detailed factual allegations, a plaintiff must provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, the factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. Thus, mere conclusory statements to support a threadbare recital of the elements of a cause of action will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although personal participation is not specifically required for liability under § 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. Franklin v. Curry, 738 F.3d 1246, 1249-1250 (11th Cir. 2013) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). One cannot be held liable for the actions and/or omissions of others but can only be held responsible if he or she participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation.

Plaintiff should not include argument in his second amended complaint. Citations to case law and statutes (unless a claim is based on a specific statute) generally are not proper in a complaint, but are included at later stages of litigation, including a motion to dismiss, motion for summary judgment, or at the time of trial.

Finally, Plaintiff should note that his second amended complaint supersedes filing the amended complaint and becomes the operative pleading. Krinks v. SunTrust Banks, Inc., 654 F.3d 1194, 1201 (11th Cir. 2011). Thus, Plaintiff's amended complaint **must be complete, including all related claims he wishes to raise, and must not refer to the Amended Complaint**. And any supporting documents, and/or supplements should be included with the second amended complaint and clearly marked as exhibits.

Accordingly, it is hereby

**ORDERED:**

1. Defendants DePass and Sawyer's Motion to Dismiss (Doc. #52) and Defendant Hines' Motion for a More Definite Statement (Doc. #54) are **GRANTED** and Plaintiff's Amended Complaint (Doc. #15) is dismissed without prejudice.

2. Plaintiff shall file a second amended complaint **by August 27, 2020**.

3. The Clerk shall provide Plaintiff with a blank civil rights complaint form marked "Second Amended Complaint" bearing this case number with this Order.

4. **If Plaintiff does not timely file a second amended complaint or explain his inability to timely comply, the Court will dismiss this action without further notice by the Court.**

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of July 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record